# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DANIEL ASKIN, *on behalf of himself and all others similarly situated*, | ) <br> ) 11 CV 111 <br> ) |
| Plaintiff, | ) |
| v. | ) Magistrate Judge Young B. Kim <br> ) |
| THE QUAKER OATS COMPANY, | ) <br> ) October 20, 2011 |
| Defendant. | ) |

## MEMORANDUM OPINION and ORDER

In this purported class action brought under this court's diversity jurisdiction, Daniel Askin alleges that The Quaker Oats Company ("Quaker") deceptively labels several of its granola and oatmeal products as being "heart-healthy" despite the fact that their ingredients include artificial trans-fats. Askin claims that these labeling practices violate the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 ILCS § 505/1, *et seq.*, and common law breach of warranty principles. Askin's suit comes on the heels of three similar suits previously filed in the Northern District of California, bringing nearly identical claims under California's consumer protection laws. Quaker has moved to dismiss Askin's suit under the first-to-file rule. Currently before the court is the motion to intervene filed by Victor Guttmann, Kelley Bruno, Sonya Yrene, and Rebecca Yumul (together, "the Guttmann plaintiffs"), all plaintiffs in the consolidated putative class action pending in California. They seek to intervene in this case for the limited purpose of filing their own motion to dismiss under the first-to-file rule. For the following reasons, the motion is granted:

## Background

In February, November, and December 2010 three distinct sets of plaintiffs filed their respective putative class actions against Quaker in the Northern District of California. Guttmann and Robert Chacanaca filed the first suit, alleging that Quaker's Chewy Granola Bars contain artificial trans fats and are deceptively labeled. Next came Yrene's suit, making similar claims with respect to Quaker's Instant Oatmeal. Third in line were Bruno and Yumul, who took aim at Quaker's Oatmeal to Go Bars. Two days after that third filing, the plaintiffs in the first suit moved to consolidate the actions and appoint their counsel, the Weston Firm and Law Offices of Ronald A. Marron, as interim class counsel. But Chacanaca hired a new law firm, Reese Richman in New York, to replace his original attorney. Reese Richman filed the current Illinois action on behalf of Askin on January 7, 2011, and then six days later filed a motion in California on Askin's behalf under 28 U.S.C. § 1407, seeking to move the California actions to Illinois. As a result, the district court in California stayed the first case and deferred ruling on the pending consolidation motion. *See Chacanaca v. Quaker Oats Co.*, C 10-0502 RS, 2011 WL 441324, at *2 (N.D. Cal. Feb. 3, 2011).

After holding a hearing on Askin's motion to transfer, an MDL panel denied the motion in April 2011, explaining that Askin had not given a sufficient reason to centralize the various proceedings. (R. 48-2, Ex. B at 2.) The panel pointed out that a fourth action, *Pelobello v. The Quaker Oats Co.*, No. 3:11-00093, had been filed in the Northern District

of California, and concluded that the various parties "have every ability to cooperate and minimize the possibilities of duplicative discovery and inconsistent pretrial rulings between the four Northern District of California actions and the sole outlying Northern District of Illinois action." (Id.) The MDL panel concluded that the filing of the Illinois case "is insufficient reason at this point to centralize these proceedings." (Id.)

Three days after the MDL panel's decision the Guttmann plaintiffs renewed their motion to consolidate the actions pending in the Northern District of California. Chacanaca opposed the motion and sought to have Reese Richman (Askin's counsel here) appointed as interim class counsel. On June 14, 2011, the district court in California granted the Guttmann plaintiffs' motion, consolidated the four California cases, and appointed the Weston and Marron firms as interim counsel in the consolidated actions. (R. 48-4, Ex. D at 3.) Ten days later, the Guttmann plaintiffs filed their amended consolidated complaint—which had been lodged in the Guttmann case since December 2010—alleging violations of California's unfair competition, false advertising, and consumer protection laws. (R. 48-5, Ex. E ¶¶ 110-144.)

Three days after the consolidation of the California actions, Askin filed his amended complaint in this case, including in his complaint allegations that are partly copied from the California consolidated complaint. (*Compare* R. 22 *with* R. 48-5, Ex. E.) On June 30, 2011, the parties in this case consented to the jurisdiction of this court. *See* 28 U.S.C. § 636(c); (R. 25). One week later Quaker filed two motions to dismiss: one under the first-to-file rule,

(R. 32), and one under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Askin lacks standing in this case, (R. 38). The Guttmann plaintiffs filed the current motion to intervene four days later, on July 11, 2011.[1] They seek leave to intervene in this matter for the purpose of filing their own motion to dismiss. (R. 46.)

## Analysis

The Guttmann plaintiffs argue that they are entitled to intervene in this action as of right under Rule 24(a), and alternatively, that they qualify for permissive intervention under Rule 24(b). Intervention is a procedural device meant to promote efficiency in the resolution of legal disputes by consolidating related legal questions in a single lawsuit on the one hand, while on the other hand not allowing a single suit to become "'unnecessarily complex, unwieldy or prolonged.'" *Shea v. Angulo*, 19 F.3d 343, 349 (7th Cir. 1994) (quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 69 (2d Cir. 1994)). This court concludes that although the Guttmann plaintiffs have not shown that they meet the requirements for intervention as of right, the competing polices above are best served by granting their motion for permissive intervention and allowing them to file their motion to dismiss under the first-to-file rule.

---

[1] The parties' consent extends to the resolution of the current motion to intervene. *See People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 171 F.3d 1083, 1089 (7th Cir. 1999).

4

I.      **Intervention as of Right**

"A party may seek intervention as of right if the party has 'an interest' and is 'so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties.'" *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007) (quoting Fed. R. Civ. P. 24(a)(2)).  In order to prevail on a motion to intervene under Rule 24(a), the moving party must meet the following criteria: (1) the motion to intervene must be timely; (2) the proposed intervenors must have a legally protected interest related to the subject matter of the action; (3) the disposition of the suit must threaten to impair that interest; and (4) the proposed intervenor's interest must not be adequately represented by the existing parties.  *Id.*  "The proposed intervenor has the burden of proving each element, and lack of even one element requires denial of the motion." *American Nat'l Bank & Trust Co. of Chicago v. City of Chicago*, 865 F.2d 144, 146 (7th Cir. 1989).

The Guttmann plaintiffs have established that their motion to intervene is timely within the meaning of Rule 24.  The test for timeliness is primarily one of reasonableness, *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995), under the guise of which four factors are weighed: "(1) the length of time the intervenor knew or should have known of his interest in the case, (2) the prejudice to the original party caused by the delay, (3) the resulting prejudice to the intervenor if the motion is denied, and (4) any unusual circumstances," *People Who Care v. Rockford Bd. of Educ.*, 68 F.3d 172, 175 (7th Cir.

5

1995). There is no precise time limit under this test, which is designed primarily to ensure that potential intervenors are diligent "in learning of a suit that might affect their rights," and that they act "reasonably promptly" in moving to protect those rights. *Nissei Sangyo Am., Ltd. v. United States*, 31 F.3d 435, 438-39 (7th Cir. 1994); *see also Aurora Loan Servs., Inc. v. Craddieth*, 442 F.3d 1018, 1027 (7th Cir. 2006) ("The reason for requiring promptness is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." (Internal quotation omitted.)).

Although the Guttmann plaintiffs did not file the current motion until seven months after Askin filed his original complaint, they filed it only three weeks after the district court in California ruled on the motion to consolidate the actions pending there. That decision appointed as interim class counsel the law firms representing the Guttmann plaintiffs, thereby establishing the core legal interest that the Guttmann plaintiffs now point to in support of this motion. Because they acted with dispatch from the time that interest arose, the first factor weighs in their favor. As for the second factor, the existing parties will not suffer any prejudice from allowing intervention at this stage because the proposed intervention is for the purpose of filing a motion to dismiss. Quaker's motion to dismiss under the first-to-file rule is currently pending and not yet fully briefed, so allowing the Guttmann Plaintiffs to intervene to submit their own motion will not delay the current proceedings in any meaningful way. On the other hand, the Guttmann plaintiffs would be prejudiced by the denial of the opportunity to bring before this court its arguments pertaining to the import of

the consolidated California actions. Additionally, the "unusual circumstances" factor falls in the Guttmann plaintiffs' favor, given Askin's counsel's role in prolonging the relevant class-action litigation against Quaker. Askin's counsel, on behalf of Chacanaca, was competing in the California litigation with the Guttmann plaintiffs with respect to the motion to consolidate, and Askin managed to delay that decision by filing this suit and the unsuccessful MDL motion six days later. Accordingly, all of these factors point toward a finding that the motion to intervene is timely.

The Guttmann plaintiffs do not fare as well, however, in their attempt to show that their interest in this case—and the potential threat to that interest—is the kind that is contemplated by Rule 24(a)(2). Precisely what the requisite interest is has never been defined with any particularity, but the Seventh Circuit has made clear that it must be a "'direct, significant, legally protectable' one." *Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995) (quoting *American Nat'l Bank*, 865 F.2d at 146). In other words, "the applicant's interest must be one on which an independent federal suit could be based." *Aurora Loan*, 442 F.3d at 1022. In evaluating the proposed intervenor's interest, this court focuses "on the issues to be resolved by the litigation and whether the potential intervenor has an interest in those issues." *Reich*, 64 F.3d at 322. This is a "highly fact-specific determination, making comparison to other cases of limited value." *Security Ins. Co. of Hartford*, 69 F.3d at 1381.

The main interest highlighted by the Guttmann plaintiffs is their interest in this court's application of the first-to-file rule, but that interest is just a restatement of their cited interests in avoiding inconsistent rulings and minimizing waste. After all, the first-to-file rule exists to prevent duplicative litigation and to minimize waste. *See Alchemist Jet Air, LLC v. Century Jets Aviation, LLC*, No. 08 CV 5386, 2009 WL 1657570, at *5 n.4 (N.D. Ill. June 12, 2009). To the extent that the Guttmann plaintiffs argue that the potential *stare decisis* effect of decisions made in this litigation provides them with a legally protectable interest in intervening, "a simple claim of potential *stare decisis* effect is not enough" to justify intervention as of right. *National Union Fire Ins. Co. of Pittsburgh v. Continental Ill. Corp.*, 113 F.R.D. 532, 536 (N.D. Ill. 1986). That is because "the opinion of a single district judge rarely yields an effect broader than the force its reasoning carries," and that reason is not enough to justify "adding as parties all who might be concerned about the court's choice of words." *Bethune Plaza, Inc. v. Lumpkin*, 863 F.3d 525, 532 (7th Cir. 1988). Thus in a situation where a proposed party "has nothing to contribute except legal argument," concerns about *stare decisis* do not rise to the standard of Rule 24(a)(2). *Id.* at 533.

Here, the Guttmann plaintiffs seek to intervene simply to present legal arguments in support of a motion to dismiss under the first-to-file rule without being constrained by any of the views expressed in the motion filed by Quaker—their opponent in the California litigation. Any reasoning in this court's ultimate decision on the first-to-file motion is unlikely to have much persuasive authority in the Northern District of California. And even

if this court denies the motion to dismiss under the first-to-file rule and that decision is ultimately challenged on appeal, by the time this litigation proceeds to a final appealable order the California litigation will have progressed as well, likely rendering moot the concerns regarding duplication and waste raised in the Guttmann plaintiffs' proposed first-to-file motion. Accordingly, their interest in avoiding the possible *stare decisis* effect in California of decisions related to the first-to-file question here does not have sufficient teeth to meet the Rule 24(a) standard for intervention as of right. *See id.*

The Guttmann plaintiffs also point to their interest in having the California interim class counsel represent the proposed nationwide class as a legally protectable interest supporting intervention as of right. They explain that the California court appointed their counsel instead of Askin's counsel—who also sought the post—as interim class counsel in that litigation, and argue that permitting Askin's counsel to respond to substantive motions filed in this case would fly in the face of the appointment decision. But the Guttmann plaintiffs have not cited any cases in which a law firm's interest in protecting its role as interim class counsel is characterized as the kind of "direct, significant, legally protectable" interest required to justify intervention as of right. *See Security Ins. Co. of Hartford*, 69 F.3d at 1380. Accordingly, this court concludes that the Guttmann plaintiffs have not cleared the necessary hurdle of showing that they have the kind of legally protectable interest that militates toward intervention as of right, or that the disposition of this case will jeopardize that interest.

The Seventh Circuit has made clear that "[i]ntervention as of right will not be allowed unless all requirements of the Rule are met," *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 946 (7th Cir. 2000), and accordingly, this court need not analyze the Guttmann plaintiffs' arguments under the fourth prong. Nonetheless, it is worth mentioning in light of this court's decision to grant permissive intervention that Quaker cannot adequately represent the Guttmann plaintiffs' interest under the first-to-file rule. The burden of establishing "lack of adequate representation is minimal," *Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 205 (7th Cir. 1982), and "the proposed intervenor should be treated as the best judge of whether the existing parties adequately represent his or her interests," *Michigan v. United States Army Corps of Eng'rs*, 10 CV 4457, 2010 WL 3324698, at *6 (N.D. Ill. Aug. 20, 2010) (internal quotation omitted). Here the Guttmann plaintiffs persuasively argue that given their role as opponents to Quaker in the California litigation, Quaker cannot adequately represent their interests with respect to the first-to-file motion. The Guttmann plaintiffs "cannot be required to look for adequate representation to an opponent." Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure: Civil 3d § 1909 (2007). The court raises that concern here because it adds weight to this court's decision to exercise its discretion in favor of granting the Guttmann plaintiffs leave to intervene permissively under Rule 24(b).

## II. Permissive Intervention

Rule 24 allows for permissive intervention where the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); *see also Flying J, Inc. v. J.B. Van Hollen*, 578 F.3d 569, 573 (7th Cir. 2009). The rule also requires the court to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). This court enjoys broad discretion in determining whether these requirements have been met. *See Griffith v. University Hosp., LLC*, 249 F.3d 658, 661-62 (7th Cir. 2001).

Askin does not deny that there is substantial overlap between the facts and issues underlying the Guttman plaintiffs' California claims and those he is making under the ICFA here. For example, the contents of the accused Quaker products and the labeling and marketing practices attached to those products are common factual elements between the two cases. And both cases raise questions of law including whether state consumer protection statutes are preempted by the Food, Drug, and Cosmetic Act, 21 U.S.C. § 341, *et seq.*, and how the FDA's labeling regulations should be enforced. Despite this overlap, Askin argues that allowing permissive intervention will prejudice his rights because the Guttmann plaintiffs are seeking this case's dismissal. In other words, he asserts that because the California case involves California consumer protection laws instead of Illinois law, if the Guttman plaintiffs are successful in dismissing this case under the first-to-file rule Askin will have lost his chance to pursue his rights under the ICFA. But that is an argument against

11

dismissal, not an argument against intervention. That the Guttman plaintiffs' potentially meritorious arguments in favor of dismissal might jeopardize Askin's case does not suggest that allowing them to intervene will *unduly* prejudice Askin within the meaning of Rule 24(b). And as the Guttmann plaintiffs point out, if they succeed in having this case dismissed under the first-to-file rule Askin will become part of the putative nationwide class in the California litigation. To the extent that he wishes to pursue his claims independently, he will remain free to do so.

Askin also argues that permissive intervention should be denied here because it would be a waste of resources to allow the Guttmann plaintiffs to file their own first-to-file motion when Quaker's is already pending. But this case has not yet moved past the dismissal stage and Quaker's motion to dismiss under the first-to-file rule has yet to be briefed. Under these circumstances, allowing the Guttmann plaintiffs to submit their own motion will cause no undue delay. It is hard to see how Askin's rights will be compromised in any way by allowing the Guttmann plaintiffs to submit the proposed motion. But to ensure that the motions progress efficiently this court will allow Askin to file a joint response to Quaker's and the Guttmann plaintiffs' motions to dismiss under the first-to-file rule. With the concern for efficiency thus contained, and the common questions of law and fact not subject to real dispute, this court concludes that permissive intervention is appropriate under Rule 24(b).

**Conclusion**

This court concludes that allowing the Guttmann plaintiffs to intervene in this case pursuant to Rule 24(b) will allow this court to resolve all of the issues related to the first-to-file question without prolonging or unduly complicating the current suit. *See Shea*, 19 F.3d at 349. Accordingly, the Guttmann plaintiffs' motion to intervene for the purpose of filing their motion to dismiss under the first-to-file rule is granted.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**