Michael R. Reese (N.D. of Illinois Bar No. 90785808)
mreese@reeserichman.com
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, New York 10001
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

*Counsel for Plaintiff and the Proposed Class*

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL ASKIN, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br> vs.<br><br>THE QUAKER OATS COMPANY,<br><br>    Defendant. | Case No. 11-cv-111<br><br>Magistrate Judge Young B. Kim<br><br>**NOTICE OF RECENT NINTH CIRCUIT AUTHORITY REQUIRING DENIAL OF DEFENDANT'S AND INTERVENING PLAINTIFFS' MOTIONS TO DISMISS UNDER THE FIRST-TO-FILE DOCTRINE** |

Plaintiff Daniel Askin ("Plaintiff") hereby provides the Court, in further support of his Opposition to the Defendant's and Intervening Plaintiffs' motions to dismiss under the first-to-file doctrine (Dkt. No. 81), a copy of the following recently issued opinion by the U.S. Court of Appeals for the Ninth Circuit: *Mazza v. American Honda Motor Co., Inc.*, No. 09-55376, 2012 WL 89176, ___ F.3d ___ (9th Cir. Jan. 12, 2012). A copy of the opinion is attached hereto as Exhibit A.

Like the instant case, the *Mazza* case involves a plaintiff who paid for a consumer product without knowing that the defendant misrepresented certain qualities of the product. 2012 WL 89176, at *1. The defendant appealed the district court's decision to certify a nationwide class with regard to four claims under California law. *Id.* Vacating the district court's decision, the Court of Appeals held that the district court "erroneously concluded that California law could be applied to the entire nationwide class." *Id.* This holding mandates denial of the motions to dismiss under the first-to-file doctrine by Defendant The Quaker Oats Company ("Quaker Oats" or "Defendant") (Dkt. No. 32) and by Intervening Plaintiffs Victor Guttmann, Kelley Bruno, Sonya Yrene, and Rebecca Yumul ("Intervening Plaintiffs") (Dkt. 78).

Both Defendant's and Intervening Plaintiffs' motions to dismiss rely upon the argument that the parties in the *Guttman* case (the "*California* action") and the instant case are identical. (*See, e.g.*, Dkt. No. 84 ("Reply in Support of Intervening Plaintiffs' Motion to Dismiss") at 5; Dkt. 85 ("Reply Memorandum in Further Support of Motion to Dismiss Under the First-To-File Rule by Defendant The Quaker Oats Company") at 2 ("Plaintiff is unquestionably a member of the proposed class in *Guttman* . . . ."), 10 ("The *only* named plaintiff in [the *Askin*] case is indisputably within the proposed class in *Guttmann* . . . ."). Following the decision in *Mazza*, though, the plaintiffs in the *California* action can not be successful in certifying a nationwide

class but will be limited to a class of California residents.[1] Therefore, Plaintiff Askin, a New York resident, is not a party to the *California* action.

Because the *Askin* case does not have the same parties as the *California* action, the *Askin* case can not be dismissed under the first-to-file doctrine. *See, e.g.*, *MLR, LLC v. U.S. Robotics Corp.*, No. 02 C 2898, 2003 WL 685504, at *2 (N.D. Ill. Feb. 26, 2003) (finding that "the interests of efficiency and economy counsel[ed] against invoking the first to file rule" where two cases did not involve identical parties); *United States v. Monkman*, No. 86 C 3671, 1986 WL 11999, at *3 (N.D. Ill. Oct. 17, 1986) ("When the parties are not the same in both actions, the interests of judicial economy and convenience should ordinarily give way to the threat of prejudice to the rights of a party." (citation omitted)).

Clearly, after *Mazza*, the *Askin* matter cannot be considered duplicative of the *California* matter, which does not protect Mr. Askin's interests. Accordingly, the decision in *Mazza* mandates that Mr. Askin's Amended Complaint should not be dismissed under the first-to-file doctrine with respect to the *California* matter that involves different parties and materially different law.

Dated: February 3, 2012

**REESE RICHMAN LLP**
*/s/ Michael R. Reese*
Michael R. Reese
875 Avenue of the Americas, 18th Floor
New York, New York 10001
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

*Counsel for Plaintiff*

---

[1] Defendant and Intervening Plaintiffs have argued that the Court should only consider the *proposed* class. (*See* Dkt. No. 85 at 9-10; Dkt. No. 84 at 5.) Given the clarity of direction provided by the *Mazza* court, though, there is no question that Intervening Plaintiffs cannot certify a nationwide class. The fact that Defendant is headquartered in Illinois, not California, guarantees that California cannot apply to Mr. Askin's claims, or to the claims of any other non-California resident. *Mazza* 2012 WL 89176, at *10.

2

## **CERTIFICATE OF SERVICE**

    I, Michael R. Reese, hereby certify that I served the following document upon counsel for defense via electronic mail this 3rd day of February, 2012.

    I declare under penalty of perjury that the above statement is true and correct.


Dated: February 3, 2012                      */s/ Michael R. Reese*
                                                                 Michael R. Reese